FIRST NATIONAL BANK OF RUSHVILLE
v.
NATHANIEL G. SLACK.

1. ASSIGNMENT OF ACCOUNTS—PAYMENT TO ASSIGNOR.—Where a firm, by a bill of sale, conveyed to a bank a large amount of personal property, and by the same instrument assigned and delivered to the bank a number of accounts against various persons, and a remittance being sent to appellee, a member of the firm, to pay one of the assigned accounts, he sought the advice of his attorney, and in accordance therewith pocketed the money, and the bank demanded the money and upon a refusal brought this suit, *held*, that appellee is liable.

2. ADVICE OF COUNSEL—WHEN ADMISSIBLE.—The advice of counsel is sometimes admitted in evidence to show the good faith of a party ignorant of the law, but only in doubtful cases.

APPEAL from the Circuit Court of Schuyler county; the Hon. C. J. SCHOFIELD, Judge, presiding. Opinion filed February 25, 1886.

Messrs. MONTGOMERY & GLASS, for appellant.

Mr. E. J. PEMBERTON and Mr. L. A. JARMAN, for appellee.

CONGER, J. On the 6th day of December, 1883, Nathaniel G. Slack and Albert L. Garitt, composing the firm of Slack & Garitt, being indebted to the appellant in a large sum of money, executed and delivered to the said bank a bill of sale, by which they conveyed a large amount of personal property, and by the same instrument bargained, sold, assigned and delivered to the bank a number of accounts against various persons, among which was an account for $2,704.53 upon Joseph Horne & Co., of Pittsburg, Pa.

On June 10, 1884, Joseph Horne & Co. sent to Slack & Garitt, in part payment of their indebtedness, a draft on the Union National Bank of Pittsburg, Pa., for $580.90 payable to the order of Slack & Garitt, which draft appellee, Nathaniel G. Slack, received through the mail some time in June, 1884,

and on the day of its receipt, he went, as he says in his ev-idence, "to E. J. Pemberton, my attorney, and asked him what I had best do with it. He told me to go to some other town, cash the draft, and put the money in my pocket; and I did so." Pemberton, the attorney, says upon the subject: "Some time in June, 1884, defendant, Slack, came to me for advice as his attorney, as to what he should do with a draft he had received from Jos. Horne & Co. of Pittsburg, Pa. I suggested or advised him that as the First National Bank, the plaintiff in this case, was the only bank in Rushville, to go to some other town to cash the draft." Slack went to Lewis-ton, cashed the draft, received the money, and in conformity with the peculiar advice of his attorney, did put the money in his pocket, where, so far as appellant is concerned, it remains to this day. Appellant shortly afterward learning these facts made a demand upon appellee for the money, which proved unavailing, and hence this suit.

The jury found for appellee, and the court refusing to award a new trial, appellant brings the record to this court, and asks a reversal.

It was clearly error in the circuit court not to grant a new trial.

When Slack had sold, assigned and delivered this account to the bank, he had no more right to the money sent to pay it than he would to appropriate to his own use any of its other property that should accidentally fall into his hands. To do so under the circumstances shown by the evidence sustains the charge in the declaration, that "the defendant willfully and maliciously defrauded the plaintiff."

The admission of Pemberton's testimony was improper. The advice of counsel is sometimes admitted in evidence to show the good faith of a party ignorant of the law, in doubt-ful cases. But in this case there could be no doubt as to the duty of Slack.

He had obtained his neighbor's property through the mis-take of Horne & Co., who were doubtless ignorant of the transfer of the account, and it only required an application of

the plainest principles of common honesty to know that it was his duty to hand it over to the true owner.

In such a case there is no room for legal advice.

The judgment of the circuit court will be reversed and the cause remanded for a new trial.

Reversed and remanded.